D.W. NELSON, Senior Circuit Judge,
concurring in part, dissenting in part:
I join in Parts A, C, D, and E of the majority disposition. Because I believe that there was a constructive amendment of the indictment, and the multiple conspiracies instruction did nothing to cure the problem, I respectfully dissent from Part B.
The government charged Aguilera with a conspiracy involving an organization centered around Jorge Rodriguez. At trial, the government introduced evidence sufficient to prove a conspiracy between Aguil-era and Rodriguez, but also introduced evidence concerning three other individuals: David Morgan, a man referred to as Chino, and a man referred to as Unidentified Male 4915 (“UM 4915”). The government introduced no evidence linking Mor *559 gan, Chino, or UM 4915 to the Rodriguez conspiracy. In the absence of evidence showing an overall agreement between conspirators, our precedent requires finding that the government proved two separate conspiracies. See, e.g., United States v. Arbelaez, 719 F.2d 1453, 1457 (9th Cir.1983). At closing, the government argued, “As to Count 1, this is an ongoing conspiracy that involved a number of players: [Rodriguez], Chino, Unidentified Male 4915, David Morgan ... and Aguil-era. You only need two for a conspiracy. Here we have a minimum of five.” The jury was therefore incorrectly instructed by the government that it could convict Aguilera for conspiring with any one of four named individuals where the indictment only named Rodriguez. Under our precedent, this is a constructive amendment and reversible error if left uncorrected. E.g., United States v. Ward, 747 F.3d 1184, 1190-91 (9th Cir.2014). The multiple conspiracies instruction relied on by the majority, however, did not interpret or explain the scope of the indictment’s conspiracy charge. The jury was left with only the government’s incorrect interpretation that the indictment included Morgan, Chino, and UM 4915 as conspirators. We therefore have no way to know if Aguilera was convicted based on the conspiracy between Aguilera and Rodriguez, which the government charged and sufficiently proved at trial, or if the conviction was based on evidence of another conspiracy introduced by the government at trial but not charged in the indictment. This constitutes reversible error. Id. at 1192. I respectfully dissent.